| UNITED STATES DISTRICT COURT | C/M |
| EASTERN DISTRICT OF NEW YORK | |

------------------------------------------------------- X
CASEY ELLIS,                                            :
                                                        :
                 Plaintiff,   :   **MEMORANDUM DECISION AND**
                                                        :   **ORDER**
        - against -                                 :
                                                        :   17-cv-6177 (BMC)
CITY OF NEW YORK HEALTH &                               :
HOSPITALS CORPORATION; KINGS                            :
COUNTY HOSPITAL CENTER,                                 :
                                                        :
                 Defendants.  :
------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff brings this *pro se* action, asserting federal claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and related claims under the New York State and New York City Human Rights Laws. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, plaintiff is ordered to file an amended complaint within twenty (20) days of the date of this Memorandum Decision and Order, failing which this case will be dismissed.

## BACKGROUND

Plaintiff's complaint provides scant factual allegations in support of her claim of discrimination based on her race, sex, and color. She simply asserts that during her "employment at Kings County Hospital, [she] was discriminated against and treated unfairly." Plaintiff alleges that on July 23, 2017, she received a Notice of Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"). However, she indicates that she is unable to locate the letter, and will submit the letter at a later date. Plaintiff seeks monetary damages.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must, however, plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007). However, even a *pro se* complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'" Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 387 (2d Cir. 2015) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A plaintiff must allege facts sufficient to allow the defendants to have a fair understanding of what she is complaining about and to enable the defendants to determine whether there is a possible legal basis for recovery. Twombly, 550 U.S. at 555 (Federal Rule of Civil Procedure 8 imposes the requirement that the plaintiff's pleadings "give the defendant fair notice of what the . . . claim is and the grounds on which it rests.") (internal quotation marks omitted). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

## DISCUSSION

Plaintiff alleges Title VII violations, but, as previously noted, her complaint is completely devoid of any facts in support of her discrimination claim. Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff asserting a Title VII discrimination claim must allege facts showing that "(1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision," which can be shown "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." Vega v. Hempstead Union School Dist., 801 F.3d 72, 86-87 (2d Cir. 2015); Jones v. Target Corp., No. 15 CV 4672, 2016 WL 50779, at *2 (E.D.N.Y. Jan. 4, 2016). Here, the factual basis of plaintiff's Title VII complaint is unclear. She fails to plead any facts in support of her claim that defendants discriminated against her because of her race, color or sex.

Although at the pleading stage a plaintiff is not required to prove discrimination, she must plausibly allege a claim upon which relief can be granted. Vega, 801 F.3d at 86-87. Even under the most liberal construction of plaintiff's allegations, she provides no facts that could possibly connect any adverse employment action to a protected status. See Littlejohn v. City of New York, 795 F.3d 310 (2d Cir. 2015) (an employment discrimination complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face); Ruston v. Town Bd. of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("Under Iqbal, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief").

## CONCLUSION

Accordingly, plaintiff is granted twenty (20) days leave to file an amended complaint. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). If plaintiff has a basis for a claim of employment discrimination, she should provide facts in support of such claim. Plaintiff is directed that her amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and it must "plead enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; Littlejohn, 795 F.3d at 310. If available, plaintiff should include a copy of the charge of discrimination that she filed with the EEOC along with a copy of the Notice of Right to Sue Letter.

The Clerk of Court shall include a form complaint for employment discrimination. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as assigned to this Order. No summons shall issue at this time and all further

4

proceedings shall be stayed for 30 days or until further order of the Court. If plaintiff elects not to file an amended complaint, or fails to do so in a timely manner, the action will be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      October 30, 2017